Filed 6/26/24  P. v. Vasquez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E081144 |
| v. | (Super.Ct.No. RIF1600040) |
| SERGIO MARIO VASQUEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Dismissed.

Bruce L. Kotler, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski and Minh U. Le, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Sergio Mario Vasquez filed a petition for resentencing pursuant to Penal Code section 1172.75,[1] which the court denied. On appeal, defendant contends the matter should be remanded for a full resentencing hearing at which the court must strike the prior prison term enhancement and impose the authorized term on count 1 to correct an illegal sentence. We dismiss the appeal.

## I. PROCEDURAL BACKGROUND

On January 26, 2016, the People charged defendant by information with willful infliction of corporal injury having suffered a prior such conviction (§ 273.5, subd. (f)(1), count 1), assault by means likely to produce great bodily injury (§ 245, subd. (a)(4), count 2), and kidnapping (§ 207, subd. (a), count 3). The People additionally alleged that defendant had suffered two prior prison terms (§ 667.5, subd. (b)),[2] a prior serious felony conviction (§ 667, subd. (a)), and one prior strike conviction (§§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1).).

On June 23, 2017, in a plea to the court based on the court's indicated sentence, defendant pled guilty to all counts and admitted all remaining allegations. On June 27, 2017, pursuant to the court's indicated sentence, the court sentenced defendant to an aggregate term of imprisonment of 11 years consisting of the following: the low term of three years, doubled pursuant to the strike prior on count 3; five years on the prior serious

---

[1] All further statutory references are to the Penal Code.

[2] The court later struck *one* of the section 667.5, subdivision (b) allegations on the People's motion after the People realized that the allegation pertained to another defendant with the same name.

2

felony conviction enhancement "so the total term on Count 3 is going to be 11 years"; the midterm of three years on count 1, doubled pursuant to the strike prior to run concurrent to the sentence on count 3; the midterm of three years on count 2, doubled pursuant to the prior strike, to run concurrent to the sentence on count 3; and one year imposed but stayed on the prior prison term enhancement.[3]

In a letter dated August 7, 2017, which is not contained in the record on appeal, personnel from the California Department of Corrections and Rehabilitation (CDCR) requested the court take some sort of corrective action.[4]  On September 11, 2017, the court modified defendant's sentence in an attempt to comply with the CDCR's recommendation.  The court did not change the principal count, but it imposed an eight-year concurrent sentence on count 1 for an aggregate sentence of 11 years.

On October 9, 2017, CDCR personnel wrote another letter in which they informed the court that the corrective action taken by the court resulted in a discrepancy.  They noted that count 2 should have been changed to the principal term because it now had the

---

[3]  Neither the sentencing minute order nor the abstract of the judgment reflects the section 667.5, subdivision (b) enhancement.  As defendant observes, the sentencing minute order incorrectly reflects that the court struck the prior prison term enhancement.

[4]  Defendant's appellate counsel requested the superior court clerk augment the record with any other abstracts of judgment and any correspondences by the CDCR.  The subsequent augmented record does not include any additional abstracts of judgment.  It does include a CDCR letter dated October 9, 2017, which references a previous CDCR letter dated August 7, 2017.  The minute order dated September 11, 2017, also references a CDCR letter dated August 7, 2017.  However, the August 7, 2017, CDCR letter is not included in the record.

greatest term of imprisonment, eight years, imposed by the court.[5]  They also observed

the prior serious felony conviction enhancement should not be tied to a specific count.[6]

According to the record we have, the court does not appear to have taken any action on

the CDCR's second letter.

On July 5, 2022, defendant filed a letter requesting that the court evaluate his

sentence in light of Senate Bill No. 483.  At a hearing on April 3, 2023, at which

defendant was represented by counsel, the court stated, "So he admitted two [*sic*] prison

priors.  I think I know what's going on with this.  Give me one moment.  There's none on

there."  The People explained that the resentencing "generated the amended abstract that

removed the prison prior[]."[7]  The court responded, "There are no prison priors listed on

the amended abstract of judgment."

---

[5]  We assume they meant count 1, on which the court imposed an eight-year, concurrent term.

[6]  Neither the information nor the plea form reflected that the section 667, subdivision (a) enhancement was attached to the count 3 offense.  Nonetheless, the court noted it was imposing the mandatory five-year term on the prior serious felony conviction enhancement in addition to the six-year term on count 2 "so the total term on Count 3 is going to be 11 years."  The sentencing minute order reads, "As to the Prior 3, the Court imposes 5 years.  Prior 3 to run consecutive to sentence imposed in Count 3."  The abstract of judgment does not reflect that the enhancement was attached to any particular count.

[7]  The prior prison term enhancement was not reflected on the original abstract of judgment; thus, the resentencing had nothing to do with the failure of the new abstract to reflect the enhancement.  The court and counsel also referred to the prior prison term enhancement in plural; of course, the court dismissed one of the two prior prison terms on the People's motion prior to defendant's entry of his plea; thus, there is only a single extant prior prison term enhancement.

The People asked that the court find defendant ineligible for the requested relief. The court took the position that section 1172.75 "was only intended to provide relief [for] people who were serving time on prison priors, and [defendant] wasn't . . . ." "And even if he did have it stayed—imposed earlier, if it was then later stayed or stricken, and appears that it was because the abstract has no mention of . . . prison priors, he's not entitled to relief as a matter of law. It's not even arguable." Defendant "does not have any prison priors on [his] abstract. They were all stricken." "He is not currently serving time for a prison prior. He does not have a prison prior that is imposed at this time. He has no prison priors on his abstract and judgment. And for that reason, it is denied."

## II. DISCUSSION

Defendant contends we should remand the matter for a full resentencing hearing, at which the court must strike the prior prison term enhancement and impose the authorized term on count 1 to correct an illegal sentence. The People maintain the matter should be remanded for the limited purpose of allowing the court to strike the prior prison term enhancement and to impose a sentence consistent with that which the court indicated prior to defendant's entry of his plea; however, the People contend defendant is not entitled to a full resentencing hearing. We dismiss the appeal.

"Senate Bill No. 483 added section 1171.1 to the Penal Code, which was subsequently renumbered without substantive change as section 1172.75. (Stats. 2022, ch. 58, § 12, eff. June 30, 2022.) Section 1172.75, subdivision (a) provides that '[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to

5

subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid.' [Citation.] Once the Department of Corrections and Rehabilitation identifies those persons 'currently serving a term for a judgment that includes an enhancement described in subdivision (a)' to the sentencing court, 'the court shall recall the sentence and resentence the defendant.' [Citation.]" (*People v. Monroe* (2022) 85 Cal.App.5th 393, 399.)

"[S]ection 1172.75 does not authorize a defendant to seek resentencing on his or her own motion or petition. Rather the process is triggered by the Department of Corrections and Rehabilitation identifying a defendant as a person serving a sentence that includes a prior prison term enhancement. [Citation.]" (*People v. Cota* (2023) 97 Cal.App.5th 318, 332; see *People v. Newell* (2023) 93 Cal.App.5th 265, 268 ["'[S]ection 1172.75 simply does not contemplate resentencing relief initiated by any individual defendant's petition or motion.' [Citation.]"]; *People v. Burgess* (2022) 86 Cal.App.5th 375, 382 [A trial court lacks jurisdiction pursuant to section 1172.75 to adjudicate a defendant's own motion for resentencing, and appellate courts lack jurisdiction over appeals from the denial of such a motion.].)

"An unauthorized sentence '"do[es] not become irremediable when a judgment of conviction becomes final, *even after affirmance on appeal*."' [Citation.]" (*In re G.C.* (2020) 8 Cal.5th 1119, 1130, 1134, fn. 13 [But affirming the dismissal of an appeal where there was no correlation between the error proclaimed on appeal and the order appealed].) "[T]he imposition of a sentence unauthorized by law is a jurisdictional error that may be

corrected whenever it comes to the court's attention, . . . [Citations.]" (*People v. Codinha* (2023) 92 Cal.App.5th 976, 985.)

The CDCR letter of August 7, 2017, which is not in the record, does not appear to have dealt with defendant's prior prison term enhancement. This is because the only letter from the CDCR on this record is the one from October 9, 2017, which mentions the prior letter but does not touch upon defendant's section 667.5, subdivision (b) enhancement.

Here, defendant contends the court erred in denying his *personal* motion requesting the court strike his section 667.5, subdivision (b) enhancement. However, trial courts have no jurisdiction over such motions unless they are filed by the CDCR. (*Cota*, *supra*, 97 Cal.App.5th at p. 332; *Newell*, *supra*, 93 Cal.App.5th at p. 268; *Burgess*, *supra*, 86 Cal.App.5th at p. 382.) Similarly, this court has no jurisdiction over an appeal from the denial of a section 1172.75 motion filed by a defendant. (*Burgess*, at p. 382.) Thus, we must dismiss the appeal.[8]

---

[8] If the court imposed an illegal sentence, defendant could obtain relief by filing a petition or motion on that basis in the trial court in the first instance. Although we can correct an unauthorized sentence where an appeal is properly taken, we have no jurisdiction to do so here. Moreover, the record here is incomplete as it does not include the August 7, 2017, letter from the CDCR. We note that the court below acted on that letter soon afterward. Thus, it is difficult to believe the court simply ignored the CDCR's letter of October 9, 2017, after which more than six years have elapsed, with no additional request for correction by the CDCR. It may simply be that we are missing another abstract of judgment and minute order reflecting the court's action on that letter. The proper practice here would be to let the court below act on a request filed first in that court. The court would then have resort to all its records in ensuring whether an unauthorized sentence had been imposed. (*People v. Rojas* (2023) 95 Cal.App.5th 48, 55 ["Although we may correct [an] unauthorized sentence on appeal, the appellate record is limited . . . ."].)

7

### III.  DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER<br>
Acting P. J.

We concur:

RAPHAEL<br>
J.

MENETREZ<br>
J.